Dear Sheriff Bennett:
This office is in receipt of your opinion request in which you ask if a justice of the peace has the authority to issue an arrest warrant for an individual when the alleged crime occurred outside of the justice of the peace's jurisdiction.
R.S. 13:2586(C) provides the general jurisdiction for justices of the peace to issue warrants of arrest as committing magistrates and states as follows:
 § 2586. Jurisdiction and procedure
 C. (1) They shall have criminal jurisdiction as committing magistrates and shall have the power to bail or discharge, in cases not capital or necessarily punishable at hard labor, and may require bonds to keep the peace.
 (2) A justice of the peace shall have concurrent jurisdiction over litter violations occurring anywhere in the parish in which the court is situated, which are prohibited by R.S. 25:1111 or any ordinance of a parish governing body providing for litter abatement or control that provides that the trial for the violation of any such ordinance may be in a justice of the peace court.
 (3) A justice of the peace shall not have the authority to issue a warrant for the arrest of a law enforcement officer for acts performed while in the course and scope of his official duties.
The Code of Criminal Procedure Art. 202 regarding issuance of arrest warrants by magistrates states as follows:
Art. 202 Warrant of arrest; issuance
 A. A warrant of arrest may be issued by any magistrate, and, except where a summons is issued under Article 209, shall be issued when:
 (1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date and place of the offense, and the name and surname of the offender if known, and of the person injured if there by any; and
 (2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.
 B. (1) A justice of the peace shall not have the authority to issue a warrant for the arrest of a peace officer for acts performed while in the course and scope of his official duties.
 (2) A justice of the peace shall not issue a warrant for the arrest of an administrator of any public or private elementary, secondary, high school, vocational-technical school, college, university, or licensed child day care center in this state who is acting in the course and scope of his official duties, unless an independent investigation into the allegations has been conducted and the investigator's findings support the allegations contained in the affidavit required in Subparagraph A(1) of this Article.
 (C) When complaint is made before a magistrate of the commission of an offense in another parish, the magistrate shall also immediately notify the district attorney of the parish in which the offense is alleged to have been committed.
In accordance with Code of Criminal Procedure Art. 611, all trials for criminal offenses must take place in the parish in which the offense was committed. Or, if an offense was committed in more than one (1) parish, the trial may take place in the parish in which part of the offense was committed. Given the Justices of the Peace authority as magistrate and given the parish-wide venue for criminal trials, it is our conclusion that a warrant may be written anywhere in the parish in which the offense occurred thus, any Justice of the Peace in that parish may write such warrant. This is in accordance with Attorney General Opinion No. 88-600, which also concluded that a Justice of the Peace may issue arrest warrants for activities alleged to have occurred in a ward or district other than that from which he is elected. However, in clarification of 85-600 and noting Section (C) of Art. 202 regarding the complaint which is made before a magistrate of the commission of offense in another parish, it is our conclusion that the statute does not give the justice of the peace authority to issue warrants of arrest for any crimes committed anywhere in the state, but merely states that if he is approached regarding an offense committed in another parish, that he should notify the district attorney of that parish so that the proper warrant may be written.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb
DATE REC'D: 09/25/98
DATE RELEASED:
RICHARD WILLIAMS ASST. ATTORNEY GENERAL